UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-24302-CIV-ALTONAGA/Simonton

**SHEVEN J. MARSHALL**, *et al.*,

    Plaintiffs,
vs.

**REGIONS BANK**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs, Sheven J. Marshall ("Marshall") and Zuleyka Bremer's ("Bremer['s]") Motion to Remand ("Motion") [ECF No. 6], filed on December 5, 2011. The Court has carefully considered the Motion, the parties' submissions, and applicable law.

### I.    PROCEDURAL BACKGROUND

On November 3, 2011, Plaintiffs filed a Complaint [ECF No. 1-2] against Defendants, Officers James Washington ("Washington") and Orlando Fleites ("Fleites") (collectively, "Officers"), and Defendant Regions Bank, who removed the action to this Court. The Court dismissed the Complaint's claim under 42 U.S.C. section 1983 ("section 1983") against the Officers on the basis of qualified immunity. (*See* Jan. 5, 2012 Order [ECF No. 30]).

Plaintiffs filed an Amended Complaint [ECF No. 31] on January 6, 2012, adding Regions Bank employees Carlos Garcia ("Garcia") and Alfredo Ramirez ("Ramirez") as two non-diverse Defendants, and asserting six claims under state law (Counts I–VI) as well as a section 1983 claim (Count VII) against the Officers. The Court permitted the parties to submit supplemental

briefing on the Motion in light of the Amended Complaint. (*See* Jan. 27, 2012 Order [ECF No. 49]). The Court granted the Officers' motion to dismiss Count VII. (*See* Feb. 3, 2012 Order [ECF No. 54]). The February 3 Order dismissed, this time with prejudice, the sole claim asserted under federal law, and the sole claim against the Officers.

Garcia and Ramirez moved to dismiss the state-law claims against them. Count V of the Amended Complaint alleges negligence as to Ramirez, and Count VI alleges negligence as to Garcia. (*See* Am. Compl. 16–20). The Court denied Garcia and Ramirez's motion to dismiss, finding that the Amended Complaint stated a claim against them as to their alleged role in Plaintiffs' detention at a Regions Bank branch. (*See* Feb. 9, 2012 Order [ECF No. 57]). Thus, Regions Bank, Garcia, and Ramirez are the remaining defendants in this action, and all claims against them are asserted under state law.

## I.    LEGAL STANDARD

Under 28 U.S.C. section 1441(c) ("section 1441"):

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Section 1331 confers federal question jurisdiction on the district courts.[2]

Pursuant to 28 U.S.C. section 1367 ("section 1367"), a district court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The district court, however,

---

[2] Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over diversity actions in which the matter in controversy exceeds $75,000, *see id.* § 1332.

may decline supplemental jurisdiction over a state law claim if:

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or]
>
> (3) the district court has dismissed all claims over which it has original jurisdiction . . .

*Id.* § 1367(c)(2)–(3).

## II.   ANALYSIS

Plaintiffs set forth three arguments in favor of remand, and the Court addresses each in turn.

### A.   Predominance of State Law

Plaintiffs contend the Court should exercise its discretionary authority to remand this action to state court under section 1441, because state law counts predominate in this matter.[3] (*See* Mot. 2). Plaintiffs point out that of five counts alleged in the original Complaint, four are state law counts, such that state law predominates "[b]y virtue of simple arithmetic." (*Id.*). In the Amended Complaint, six out of seven claims are asserted under state law. In their responses to the Motion, Regions Bank and the Officers correctly point out that the numerical predominance of state law claims is not relevant to the remand inquiry. (*See* Regions Resp. [ECF No. 27] 12–13 (collecting cases); Officers' Resp. [ECF No. 29] 2 (citing *Hayduk v. UPS, Inc.*, 930 F. Supp. 584, 600 (S.D. Fla. 1996))). Given the absence of any claims under federal law at this stage, however, state law claims *do* necessarily predominate in this action. The only remaining claims are those asserted under state law.

Nevertheless, it does not necessarily follow that the Court may exercise discretion to

---

[3] In the Motion, Plaintiffs make passing mention of 28 U.S.C. section 1447, requiring remand for lack of subject of matter jurisdiction. (*See* Mot. 1). However, the arguments in the Motion do not address a lack of subject of matter jurisdiction, but rather the predominance of state law claims. Indeed, to argue otherwise would be strange given the presence of a section 1983 claim in the Complaint, the operative pleading when the Motion was filed.

remand under section 1441, as Plaintiffs suggest. This is because Plaintiffs must not only demonstrate predominance of state law claims; they must also show the first part of that section is met — that there is "a separate and independent claim or cause of action" within the Court's original jurisdiction, "joined with one or more otherwise non-removable claims or causes of action." 28 U.S.C. § 1441(c). All parties cite to *In re City of Mobile*, 75 F.3d 605 (11th Cir. 1996), as the binding precedent of this Circuit. However, in *City of Mobile*, the Eleventh Circuit held that a section 1983 claim was *not* separate from the state law claims in that case for purposes of section 1441(c), because the federal and state claims were "asserted as a result of a single wrong based on a common event or transaction." 75 F.3d at 608. As a result, section 1441(c) did not apply. *See id.* Likewise, in the instant action, a common event or transaction — the events in the Regions Bank branch leading to the arrest and release of Plaintiffs — underlies the section 1983 and state-law claims such that they are not separate or independent causes of action. The Court therefore finds the removal/remand analysis under section 1441(c) inapplicable to the matter at hand, and declines to grant the Motion on this basis.

B.  **Unanimity of Consent**

Plaintiffs assert that because Fleites did not consent to the removal, removal was defective. (*See* Mot. 3). Although this was true when the Motion was filed, Fleites joined the removal thereafter. However, Garcia and Ramirez have not joined in the removal despite having appeared in this action. Regions Bank now argues in its Surreply [ECF No. 55] that Garcia and Ramirez have been fraudulently joined, such that the Court should disregard their presence for the purpose of deciding the Motion. (*See* Surreply 1–2). Thus, the outcome of this argument depends on whether Garcia and Ramirez were fraudulently joined, which the Court discusses below.

### C. Supplemental Jurisdiction and Fraudulent Joinder

Plaintiffs contend the Court should decline to exercise supplemental jurisdiction over Counts I–VI against Regions Bank pursuant to section 1367. This argument presumes the Court exercises original jurisdiction over this action solely by virtue of the section 1983 claim, and that the state law claims are otherwise non-removable. Section 1367(c) would therefore permit the Court to remand the case now that the section 1983 claim has been dismissed.

It is undisputed that the remaining claims in this case are asserted under state law. What the parties now dispute is whether the Court may exercise diversity jurisdiction over them. This analysis has been complicated with the filing of the Amended Complaint and addition of Garcia and Ramirez, two non-diverse defendants. Regions Bank is an Alabama corporation, while Garcia and Ramirez are both Florida residents, as are Plaintiffs. (*See* Am. Compl. ¶¶ 2–4, 7–8). Thus if Garcia and Ramirez were fraudulently joined as Regions Bank contends, complete diversity would exist in this action, precluding remand.

A defendant is fraudulently joined to an action, and thus does not militate toward remand, where: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Regions Bank does not argue that jurisdictional facts have been fraudulently pleaded — thus the issue is whether Plaintiffs can establish a cause of action against Garcia and Ramirez.

In its February 9, 2012 Order, the Court denied Garcia and Ramirez's motion to dismiss Counts V and VI, finding that the Amended Complaint does in fact state a claim against them with respect to their *alleged* role in Plaintiffs' detention. This would seem to end the inquiry into

5

fraudulent joinder, but Regions Bank points to authority permitting them to submit sworn affidavits for the Court's consideration on the question of remand and fraudulent joinder, which the Court could not consider in deciding the motion to dismiss. (*See* Surreply 7–8 (citing *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005))). In *Legg*, a defendant company argued that three of its sales representatives had been joined to destroy diversity and attached their affidavits in support. *See* 428 F.3d at 1319. The Eleventh Circuit found the district court erred in only considering the face of the complaint and not the affidavits in concluding whether a claim against the sales representatives could succeed. *See id.* at 1322. The court held that the appropriate standard "for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b)." *Id.* at 1322–23 (quoting *Crowe*, 113 F.3d at 1538). "[T]he district court must resolve all questions of fact in favor of the plaintiff." *Id.* at 1323 (internal quotation marks and citation omitted). The court moreover held that "[w]hen the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Id.*

Regions Bank attached affidavits to its Surreply, while Plaintiffs submitted none in response. The Court therefore turns to Regions Bank's affidavits to determine whether they so alter the conclusion in the February 9 Order as to establish fraudulent joinder. Regions Bank submitted affidavits from Garcia ("Garcia Affidavit") [ECF No. 55-1], Ramirez ("Ramirez Affidavit") [ECF No. 55-4], Sonia Chavez ("Chavez Affidavit") [ECF No. 55-5], and Stuart Abolsky ("Abolsky Affidavit") [ECF No. 55-7]. Regions Bank further submitted copies of 31 C.F.R. section 1020.220 [ECF No. 55-2], its policy on money laundering and terrorist financing [ECF No. 55-3], and of Marshall's check [ECF No. 55-6]. Finally, Regions Bank submitted an excerpt of the deposition of Angela Adarraga ("Adarraga Deposition") [ECF No. 55-8].

Garcia states in his affidavit that he was on his lunch break when Plaintiffs first arrived at the branch, and returned after the police had been called. (*See* Garcia Aff. ¶¶ 3–6). Garcia was at the branch while Marshall was there and before Bremer arrived. (*See id.* ¶ 7). Thus, the affidavit does not contradict that Garcia was present during at least part of the time Plaintiffs were detained, and significantly, nothing in the affidavit contradicts the allegations specific to Garcia as to his supervising role. (*See* Am. Compl. ¶ 110). Garcia states that Marshall "advised [him] that [Marshall] thought Regions' [sic] was professional, but felt that the police acted improperly." (Garcia Aff. ¶ 8). This may be admissible, *see* FED. R. CIV. P. 804(b)(3), but standing alone it hardly does away with all of the factual allegations in the Amended Complaint, particularly when Garcia does not refute the specific facts alleged as to his role.

Ramirez's affidavit confirms that he dealt with Marshall in his attempt to open the new checking account. (*See* Ramirez Aff. ¶ 4). He describes some of his training and notes that "Marshall's responses to [his] various questions were atypical . . . . Mr. Marshall also appeared to be nervous." (*Id.* ¶¶ 6–7). He further notes that Marshall's check "appeared to be odd" for various reasons. (*Id.* ¶ 8). He states, "[b]ecause of the check's appearance and Mr. Marshall's behavior," he asked the head teller Chavez to help him confirm the check's authenticity and contacted the corporate security officer, who advised him to call the police. (*Id.* ¶¶ 9, 11). Ramirez confirms that Garcia arrived after the police were called but before they arrived. (*See id.* ¶ 15). Ramirez entered the conference room where Marshall was held "to explain that the check could not be authenticated," remaining for a few minutes. (*Id.* ¶ 16). He states that he "did not instruct the police to detain Ms. Bremer," but makes no similar statement as to Marshall. (*Id.* ¶ 17). Ramirez's affidavit, while furnishing more detail on the transaction from his perspective, still does not resolve all questions of fact in his favor. His affidavit largely confirms

7

that he dealt with Marshall as is alleged in the Amended Complaint. While Ramirez explains some of the steps taken to verify the authenticity of the check, the Court cannot say as a matter of law that the affidavit conclusively demonstrates his use of reasonable care and, above all, good faith in dealing with Plaintiffs and calling the police. Such a question is truly for the trier of fact to decide.

Chavez's affidavit further explains verification steps she took, and states explicitly that "race did not play a factor in [her] process of attempting to authenticate the check." (Chavez Aff. ¶ 10). Chavez's affidavit would appear to be relevant to Defendant Region's Bank's handling of Plaintiffs, but does not seem as directly relevant to liability on the part of Garcia and Ramirez. Certainly, her statement that race played no role in her verification of the check does not speak to Ramirez's state of mind.

Abolsky is responsible for overseeing corporate security at Regions Bank. (*See* Abolsky Aff. ¶ 2). While he states that he is familiar with policies and procedures for corporate security, he acknowledges that he was not the individual responsible for overseeing security as of January 31, 2011, the date in question. (*See id.* ¶ 4). As a result, his statements have minimal relevance to the question at hand — whether the affidavits contain enough concrete facts to merit a finding that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Henderson*, 454 F.3d at 1281.

The other documents Regions Banks submits with its Surreply — a copy of a statute and of its corporate policy, as well as a copy of the check — likewise have little bearing on this issue, which concerns the way Plaintiffs were treated on one particular day by Garcia and Ramirez, not Regions Bank's general corporate practice.

The final item Regions Bank submits is the excerpt of the deposition of Adarraga, who

prepared Marshall's tax return. In the deposition Adarraga is asked a hypothetical question in which a bank employee is told, upon calling the number on a check, that the check cannot be verified. (*See* Adarraga Dep. 3:9–15). Over two objections, Adarraga responds that this would mean "[i]t's not a good check." (*Id.* 3:16–21). The Court is not willing to foreclose any possibility of Plaintiffs' stating a claim based on this hypothetical exchange, given with little context in isolation, and without even the factual premises of the hypothetical situation clearly established.

Regions Bank has submitted materials helpful to its case, and somewhat helpful to Garcia and Ramirez to a lesser degree. At most, however, it is circumstantial evidence tending to support the proposition that Regions Bank and its employees acted reasonably and in good faith, but not nearly conclusive enough to foreclose any issue of fact. This is particularly true since the affidavits of Garcia and Ramirez themselves do not contradict important allegations underlying Plaintiffs' claims. These include, but are not limited to, allegations about Garcia's supervisory role and the alleged role that race may have played in their actions. Plaintiffs would have done better to submit their own affidavits and evidence; however, they did not. The Court applies the summary judgment standard, while mindful that the case is not at the summary judgment stage but rather on a motion to remand. The Court is left to "view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997), and "resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of America*, 894 F.2d 1555, 1558 (11th Cir. 1990). The Court has done so, and finds that there remain issues of fact such that the Court finds a possibility Plaintiffs have a cause of action against Garcia and Ramirez.

Accordingly, the Court finds Garcia and Ramirez are not fraudulently joined. The Court declines supplemental jurisdiction over the claims remaining in this action pursuant to section 1367(c)(3).

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion to Remand **[ECF No. 6]** is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is instructed to **CLOSE** this case, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of February, 2011.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record